McFarland, J.,
delivered the opinion of the court:
MbGar sold a lot of hogs, amounting -in value to about $180, to W. W. and A. L. Parker, and afterward, upon the delivery of the hogs, accepted the note of said' Parkers for the amount. Subsequently, MbGar brought suit before a justice of the peace, against the Parkers and U. Y. Drake, and obtained judgment for the amount of the note, and interest, from which judgment Drake' appealed to' the circuit, court, whereupon complainant, regarding his remedy at law against Drake as embarrassed, filed the present bill, the object of which is to hold Drake liable for the amount of the note, upon the ground that he was a secret or dormant partner of the Parkers in the purchase of the hogs, a fact unknown to the complainant at the time. The defendant’s answer admits the partnership alleged, but the oath being waived, it simply makes an issue, the onus being upon the complainant to establish the allegations of the bill. There is much- confusion in the testimony, especially as presented in this record.
But we think it appears, from the weight of the testimony, that at the time the complainant agreed to sell -his hogs there was no partnership between them and Drake.
About the time the hogs were delivered, negotiations for a partnership were pending between said parties, which, however, were not consummated until afterwards — the terms of which were that the Parkers were to purchase the complainant’s hogs, and Drake was to purchase another lot, and they were then to be partners in the hogs when purchased. This, if agreed to at all, as to which there is conflict in the proof, was finally agreed to after the delivery of complainant’s hogs. In a few days they dissolved, each party talcing his own lot of hogs, and their partnership had no further existence. This view of the facts is the most favorable to complainant’s case that the record will justify. "We think this fails to make out the complainant’s case—
1st. Because it is not shown- by a preponderance of the *53 testimony that the agreement was consummated at the date of the purchase of complainant’s hogs. The complainant’s case rests upon the assumption that a partnership, in fact, existed at that date, whereas, in fact, no agreement had then been assented to.
2d. Because the agreement for a partnership that was made according to our conclusions upon the facts,.if consummated before the purchase, would not render Drake liable for the hogs purchased by the Parkers of the complainant. They agréed that the Parkers were to purchase the complainant’s hogs with their own money, or upon their own credit, and the two lots when so purchased, were to be put together in a joint venture or partnership, the Parkers putting in one lot as their own property, Drake the other as his own property. This would not render Drake liable for the hogs purchased of the complainant, even though the agreement had been fully assented to before the purchase was made. It is not the fact that the property purchased afterward became partnership property that renders the partners liable for its purchase, but it is the fact that the purchase was made on account of the firm— that is, they were partners in the purchase — that renders the firm liable. We have held in accordance with this view in one or more unreported cases. The complainant’s counsel relies upon the case of Nichols v. Cheairs, 4 Sneed, 229. That case holds that a secret or dormant partner may be held liable, notwithstanding the creditor, who did work for the firm, in ignorance of the fact of partnership, had taken the note of the other party, and obtained judgment upon it; and, further, that the creditor was not bound by a secret agreement between the partners that one partner was to furnish one set of hands and the other to pay off other hands hired. We think this case is, in principle, different from that — the service that was rendered for the firm. The purchase here was not made for the firm, but for certain member’s thereof, who put the property into the firm *54 as their own, and obtained credit on the partnership account accordingly.
The decree of the chancellor dismissing the bill wall be affirmed, the complainant paying the costs.